IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AVA JAMES,

Plaintiff,

v. Case No. 25-2765-JWB

BOYS AND GIRLS CLUB OF TOPEKA,

Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss. (Doc. 11.) The motion is fully briefed and ripe for decision. (Docs. 11, 14, 15.) The motion is GRANTED IN PART and DENIED IN PART for the reasons stated herein.

Plaintiff filed this action on December 24, 2025. (Doc. 1.) Under Rule 4(m) of the Federal Rules of Civil Procedure a plaintiff has 90 days to effectuate service after the filing of a complaint. Plaintiff did not do so here. That said, courts are empowered to extend the time for service under Rule 4(m). Here, on April 29, 2026, the magistrate judge entered an order to show cause directing Plaintiff to explain, by May 22, 2026, why service had not been made. (Doc. 5.) Plaintiff responded on May 26, 2026, explaining that counsel had "initial uncertainty regarding the proper registered agent or authorized representative for Defendant. During that time, counsel did not timely initiate service while attempting to confirm the appropriate entity for service." (Doc. 6 at 1.) Plaintiff requested a five-day extension to complete service. (*Id.* at 2.) She also noted that in lieu of an extension the action would be dismissed without prejudice, but because of the statute of limitations, she would be barred from refiling her claim. (*Id.*)

The court granted Plaintiff's request holding that, "Finding that Plaintiff has shown good cause for an extension, pursuant to Rule 4 of the Federal Rules of Civil Procedure, the court sets a deadline of five additional days for Plaintiff to serve Defendant. Fed. R. Civ. P 4(m). Plaintiff must properly serve Defendant by June 10, 2026. Failure to do so will result in dismissal of this action." (Doc. 7.) Plaintiff requested a two-day extension on June 10, 2026. (Doc. 8.) The magistrate judge granted this extension. (Doc. 9.) Plaintiff effectuated service on June 11, 2026. (Doc. 10 at 1.)

Defendant now asks this court to, for all intents and purposes, reconsider its prior finding of good cause for a Rule 4(m) extension. (Doc. 11 at 1.) "Although not formally recognized by the Federal Rules of Civil Procedure, motions for reconsideration are generally construed under Rule 54(b), Rule 59(e), or Rule 60(b), depending on when the motion is filed." *Gale v. Uintah Cnty*, No. 13-CV-725, 2021 WL 4553218 at *2 (D. Utah Oct. 5, 2021) (citing *Price v. Philpot*, 420 F.3d 1158, 1167, n. 9 (10th Cir. 2005)). Under Rule 54(b) "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Though Rule 54(b) power is more open ended, *see Gale*, 2021 WL 4553218 at *3, the analysis for district courts is the same as under Rules 59(e) and 60(b). "Motions for reconsideration may only be granted based on the availability of new evidence, an intervening change in the controlling law, or the need to correct clear error to prevent manifest injustice." *Id.* (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)); *see also* D. Kan. R. 7.3. Courts should limit motions for reconsideration to "extraordinary circumstances." *Id.*

Defendant argues that Plaintiff's actions in this case do not rise to the level of good cause, as circumscribed by the Tenth Circuit. (Doc. 11 at 4–5.) "The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). If a court determines that "good cause is shown, the plaintiff is entitled to a mandatory extension of time." *Id.* Still though, even if good cause is not shown "the district court must still consider whether a permissive extension of time may be warranted." *Id.* "At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service." *Id.* The phrase "good cause" has been interpreted "narrowly." *In re Kirkland*, 86 F.3d 172, 174 (10th Cir. 1996) (citing cases). A plaintiff will not receive relief for "inadvertence or neglect." *Id.* Additionally, "[m]istake of counsel or ignorance of the rules also usually do not suffice." *Id.* at 175. (citing *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987)).

Defendant contends that Plaintiff's "inaction" did not "constitute the type of meticulous effort required to establish good cause under Rule 4(m)." (Doc. 11 at 5.) Plaintiff responds arguing that she ultimately complied with the relevant deadlines established by this court and that Defendant has not been prejudiced by the delay. (Doc. 14 at 4.) In its reply brief, Defendant extends its argument, postulating that Plaintiff has not satisfied the requirements for a permissive extension of time under Rule 4(m) either. (Doc. 15 at 3–4.)

Upon reviewing the parties' submissions, the court VACATES IN PART its prior order finding "good cause" and the magistrate judge's order extending time pursuant to that order. (Docs. 7, 9.) The court erroneously used the phrase good cause in its order. As Defendant argues, and with the benefit of full adversarial briefing, the court determines that Plaintiff did not make the required "good cause" showing under Rule 4(m) to receive a mandatory extension of time. As

Defendant points out, courts in "this district 'routinely find[] that a plaintiff's inability to locate a defendant is insufficient to establish good cause under Rule 4(m).'" *Perdue v. Kepka*, No. 23-1196-DDC, 2024 WL 3950830, at *7 (D. Kan. Aug. 27, 2024) (quoting *Joe Hand Promotions, Inc. v. 3rd Generation, Inc.*, No. 22-1069-TC-RES, 2022 WL 3213118, at *2 (D. Kan. Jul. 15, 2022)). After full briefing, Plaintiff has not explained or shown that her failure to serve Defendant was due to anything other than inadvertence. While in some circumstances, failure to find the registered agent can certainly impede service, *see Espinoza*, 52 F.3d at 842, Plaintiff has not demonstrated scrupulous efforts to effect service or determine the proper agent for service during the original 90-day time frame.

But that "does not end the inquiry under Fed. R. Civ. P. 4(m)." *Id.* at 841. Even though Plaintiff has failed to show good cause, the court will consider whether Plaintiff deserves a permissive extension of time under the rule. The Tenth Circuit has set out several factors to guide the court's inherent discretion. *Id.* at 842. Courts have articulated several variations of factors, but generally consider

> (1) whether the applicable statute of limitations would bar Plaintiff[ ] from refiling the action if it were dismissed; (2) whether Plaintiff[ ] attempted to comply with Rule 4(m); (3) the number of defendants or other complexities of the case that may have made it difficult for Plaintiff[ ] to effectuate service of process; (4) whether a permissive extension would prejudice Defendant; and (5) whether Defendant was evading service of process.

*Jones v. High Plains HCA, L.L.C.*, No. 24-CV-1088-SMD-GBW, 2025 WL 2776980, at *4 (D.N.M. Sep. 26, 2025) (quoting *Elevario v. Hernandez*, No. 10-CV-15-RB-WDS, 2010 WL 11618911, at *2 (D.N.M. Dec. 20, 2010) (modifications in original)).

Here, the factors weigh in favor of Plaintiff and therefore the court grants a permissive extension under Rule 4(m). First, and perhaps most substantially, Plaintiff would be barred from refiling this lawsuit if the court dismissed the case, even without prejudice, due to the statute of

limitations. (Doc. 6 at 1.) While some courts have construed this as a reason *not* to grant an extension, *see, e.g.*, *Riddle v. Wichita Public Schs., Unified, Sch. Dist. No. 259*, No. 04-CIV-1400-MLB, 2005 WL 1563444, at *5 (D. Kan. Jun. 30, 2005), that is the opposite of the way the advisory committee on the federal rules viewed the issue. In the 1993 comments to Rule 4(m), the committee expressly lists such a scenario as grounds for an extension:

> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown. Such relief formerly was afforded in some cases, partly in reliance on Rule 6(b). Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.

*See* Fed. R. Civ. P. 4 (1993 comments to subdivision (m)). This is consistent with the Tenth Circuit's observation regarding another provision of Rule 4, that the 1993 amendments "clearly evince[] a solicitous attitude" towards extensions. *Espinoza*, 52 F.3d at 842.

As to the other factors, Defendant has not offered evidence to contradict Plaintiff's assertion that she could not determine the agent for service. (*See* Doc. 11 at 2.) Therefore, the court is unwilling to say that Plaintiff did not attempt to comply with Rule 4(m), despite counsel's failure to timely respond to this court's orders. The third factor weighs in favor of Defendant, as there is only one Defendant, and the court detects no unusual "complexities" that would have impeded service. *High Plains HCA*, 2025 WL 2776980, at *4.

Factor four weighs in favor of Plaintiff, Defendant has not shown that it would suffer any undue prejudice as a result of the delay, other than having to defend the lawsuit on its merits. (Doc. 15 at 4–5.) But this alone cannot be the kind of prejudice that defeats a permissive extension, otherwise the advisory committee's note concerning extensions when the statute of limitations bars refiling would be wholly pointless. *See also Elevario*, 2010 WL 11618911, at *3–4 ("Nonetheless,

the added six-month delay that resulted from Plaintiffs' delay in service of process is not so damaging that it warrants dismissal of the case against Defendant."). Factor five weighs in favor of Defendant, as it was not evading service. But for the collective reasons explained above, the court grants a permissive extension under Rule 4(m).

In so doing, however, the court takes a moment to warn Plaintiff's counsel that his conduct "should not be rewarded." *Bradley v. Frito Lay, Inc.*, No. 07-CV-4054-JAR, 2008 WL 695224, at *3 (D. Kan. Mar. 7, 2008). His tardiness in filing the lawsuit, failing to ask for an extension, and responding to this court's show-cause order is not what the public ought to be able to expect from their attorneys. In part, the court is willing to grant relief here because the penalty for counsel's failures would primarily fall on Plaintiff herself. This extension is not a reward but is instead a last chance. Future litigants ought not to choose this case as a model for their service strategy. *See Padilla v. Walgreen Hastings Co.*, No. 08-CV-1110-JB-CEG, 2009 WL 2951025, at *13 (D.N.M. Aug. 11, 2009) ("The Court sees minimal incentive for plaintiffs to use rule 4(m) as their way of circumventing the statute of limitations in Title VII. There is little to be gained from filing a complaint near the end of the statute of limitations period, then delaying service of process to seek an extension of time to serve process.").

For the foregoing reasons, Defendant's motion to dismiss (Doc. 11), is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED. Dated this 14th day of August, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE